FILED by [signature] D.C.
INTAKE
JUN 27 1997
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. • MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

97-2023

| | |
|---|---|
| M&M PROJECTS, INC., d/b/a<br>EL PALMAR SUPERMARKET,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. CIV-HIGHSMITH<br>MAGISTRATE<br>SANDSTROM |

DEFENDANT UNITED STATES' NOTICE OF REMOVAL

Defendant, United States of America, files this Notice of Removal pursuant to 28 U.S.C. §§1442(a)(1) and 1446, and states:

1. Defendant, United States of America, has been sued for disqualifying Plaintiff from participating in the Food Stamp Program for a period of six months. The lawsuit is entitled M&M Projects, Inc., d/b/a El Palmar Supermarket v. United States of America, Case No. 97-11647 CA 22, and is pending in the Circuit Court, in and for Dade County, Florida. Copies of all papers served upon the Defendant are attached hereto and made a part hereof.

2. Dade County, Florida, is within the Southern District of Florida.

3. The complaint in this matter was served upon the Defendant on May 29, 1997.

1/24

4. This Notice of Removal is filed within thirty days after the service upon the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

Respectfully submitted,

WILLIAM A. KEEFER
UNITED STATES ATTORNEY

By: ______________________

HARRY C. WALLACE, JR.
Assistant U. S. Attorney
99 N.E. 4th Street
Third Floor
Miami, Florida 33132-2111
Florida Bar No. 0623946
Tel: (305) 536-5472
Fax: (305) 530-7139

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 27th day of June, 1997, to Jose M. Rodriguez-Gomez, Esq., 1996 S.W. First Street, Miami, Florida 33135.

______________________
HARRY C. WALLACE, JR.
Assistant U. S. Attorney

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR DADE COUNTY, FLORIDA.

| DIVISION ☒ CIVIL ☐ OTHER | SUMMONS | CASE NUMBER 97 11641 CA22 |
|---|---|---|
| **PLAINTIFF(S)** M&M PROJECTS, INC. d/b/a EL PALMAR II SUPERMARKERT | **VS. DEFENDANT(S)** THE UNITED STATES OF OF AMERICA | CLOCK IN 5.29.97 315 P |

THE STATE OF FLORIDA:

M. Border 5/29/97 Hafner, B. S.S. 4141

To Each Sheriff of the State:

You ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant(s):
The United States of America, by sering the United States Attorney Southern District of Florida, 99 N.W. 4th. St., Miami, FL 33132

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's Attorney:
JOSE M. RODRIGUEZ-GOMEZ

whose address is: 1996 S.W. 1st. St. Miami, FL 33135

within ~~20~~ 60 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| CLERK OF COURTS | BY: E.NUNEZ DEPUTY CLERK | DATE MAY 27 1997 |
|---|---|---|

COURT SEAL

**M&M PROJECTS, INC. d/b/a EL PALMAR SUPER-MARKET,**

Plaintiff

**THE UNITED STATES OF AMERICA**

Defendant

_______________________/

**IN THE CIRCUIT COURT OF THE 11TH. JUDICIAL CIRCUIT, IN AND FOR DADE COUNTY, FLORIDA**

**GENERAL JURISDICTION DIVISION**

**CASE NO.:** 97 11647 CA22

**FLORIDA BAR NO.: 225101**

**COMPLAINT**

Plaintiff, **M&M PROJECTS, INC.**, a Florida corporation d/b/a El Palmar II Supermarket, sues Defendant, **THE UNITED STATES OF AMERICA**, and alleges:

1.- This is an action to review a decision of the Administrative Review Branch of the Food and Consumers Service, United States Department of Agriculture.

2. Plaintiff is a Florida corporation doing business in Dade County,

3.- Defendant is a Federal Governmental institution.

4.- On or about January 22, 1997, Plaintiff was notified by the Food and Consumer Service of the United States Department of Agriculture that it has been investigated by the Department about alleged violations of the Food Stamps Program. (Exhibit A)

5.- On or about January 28, 1997, Plaintiff answered the notice referred to in the previous paragraph (Exhibit B).

6.- On or about February 25, 1997 the Officer in charge of the Miami Office determined that Plaintiff shall be disqualified from participation in the Food Stamps Program for a period of six (6) months. (Exhibit C).

7.- After Plaintiff's timely written request for review, on or about May 6, 1997 the Administration Review Branch confirmed the disqualification of Plaintiff's store for six months. (Exhibit D).

8.- All investigations conducted by Plaintiff through its employees arrived to the conclusion that the facts on which the disqualification was based, never occurred.

**WHEREFORE,** Plaintiff request that the disqualification process be reviewed and the determination against Plaintiff be revoked.

**JOSE M. RODRIGUEZ-GOMEZ, ESQ.**
Attorney for Plaintiff
1996 S.W. 1st. St.
Miami, FL 33135
Telephone (305) 643-5790

FOOD AND CONSUMER SERVICE
FEDERAL BUILDING ROOM 1219
51 SOUTHWEST FIRST AVENUE
MIAMI, FLORIDA 33130
(305) 536-4404

CERTIFIED MAIL - Return Receipt Requested

JAN 22 1997

Mr. Miguel Angel Mejia, President
M & M Projects, Inc.
d/b/a El Palmar II Supermarket
8121 West 8th Avenue
Hialeah, FL 33014

Dear Mr. Mejia:

Your firm has been investigated by U.S. Department of Agriculture investigators. A copy of the report is enclosed. The name of the person or persons who conducted the investigation has been removed. From this investigation there is evidence that certain violations of the regulations governing the Food Stamp Program, 7 CFR 270-282 (hereinafter referred to as the regulations), have occurred in your firm. Based on the transactions which occurred during this investigation, you are charged with accepting food coupons in exchange for ineligible items as detailed in exhibits B, C and D of the enclosed report.

Because of the seriousness of these charges, your firm is being considered for disqualification from the Food Stamp Program or for the imposition of a Civil Money Penalty in lieu of disqualification. Therefore, we encourage you to provide any information, explanation, or evidence you have regarding these charges. To ensure consideration of your response, you must reply within 10 days of the date you received this letter. You may respond either in writing or in person. If you wish to reply in writing, please send your reply to Pedro J. Renaud, Officer-in-Charge, U.S. Department of Agriculture, Food and Consumer Service, Federal Building, Room 1219, 51 S.W. 1st Avenue, Miami, Florida 33130. If you wish to reply in person, please telephone the Officer-in-Charge at (305) 536-4404 for an appointment.

We will fully consider your reply and any documentation you provide before we make a final decision in this matter. However, if we do not hear from you within the time indicated, we will make a decision based on the information available to us.

We have enclosed a copy of the regulations which concern retailers and wholesalers participating in the Food Stamp Program. Section 278.5(b) of the enclosed regulations sets out your rights to reply to the charges and Section 278.6(c) through (h) spells out the procedure we will follow in making a decision in this case.

Sincerely,

Pedro J. Renaud

PEDRO J. RENAUD
Officer-in-Charge
Miami, Florida Branch Office

904

Enclosures

PJR:lv

EXHIBIT A
Page 1 of 9

STATEMENT

This is to certify that I have lost, ~~misplaced, or unintentionally destroyed~~ United States Department of Agriculture Authorization Card No. 1244582, which granted the right to accept Food Stamp Coupons for eligible foods in my store, EL PALMAR II SUPERMARKET, 8121 West 8th Avenue, Hialeah, FL 33014

As the owner and/or duly authorized representative of this store, I wish to surrender and relinquish all the rights, privileges, and benefits granted by the above-mentioned Authorization. Food Stamp Authorization is being surrendered for the following reason: Lost Authorization Card. Six (6) months disqualification.

I understand that I cannot accept coupons until I have again applied for and received authorization from the U. S. Department of Agriculture.

(Signature)

(Date)

Witness

EXHIBIT A
Page 2 of 9

1. COMPLIANCE BRANCH ...
2. Date 11 25 96

STORE NAME AND ADDRESS
9121 8th AVE
HIALEAH FL

B. AIDE OR INVESTIGATOR'S STATEMENT

1 I N/A declare
My address is N/A
On the above date, I accompanied Investigator N/A N/A to the vicinity of the subject store. I turned over all food coupons and cash which I had in my possession.
The Investigator then furnished me with food coupons totalling $N/A and $N/A in cash, as specified in Section E below. After the transaction I delivered to the Investigator the items purchased as described in Section C below and also the change, food coupons, unused coins and register tapes specified in Section E below.

2 I DELETED Investigator, Food and Nutrition Service, United States Department of Agriculture make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

3. On the above date, at about (time) 12 15 PM, I entered subject store. I selected the items specified in Section C below. The store has 2 primary grocery check_out registers, 1 (was/were) in operation at the time of purchase. At the check_out counter there (was/were) 1 person(s) in line ahead of me and 0 person(s) in line behind me. The clerk sold to me the items listed in Section C 2 and 3 below at a total cost of $ 17.94. As the clerk rang up the transaction, the coupon book was where it could have been viewed by the clerk. I gave the clerk food coupons and received change from the clerk as described in Section E below. I had also selected the items listed in section C 5 below, which the clerk refused to sell to me for food coupons. I departed the store about 12:20 PM.

OTHER COMMENTS
STORE HAS SIGN WITH NAME ON IT

* U.S.GPO:199_-0-281-293/40026

Page 1 of

FORM FNS-413 (4-85) Previous edition obsolete

EXHIBIT A
Page 3 of 9

1 PURCHASE ... ME19336 PAGE

2. INELIGIBLE ITEMS

| QUANTITY AND DESCRIPTION | PRICE | * |
|---|---|---|
| 1-750 ML BOTTLE YAGO SANTGRIA | 2 19 | |

3. ELIGIBLE ITEMS

| QUANTITY AND DESCRIPTION OF ITEMS | PRICE | * |
|---|---|---|
| 1-7.25 PACK MIX CEREAL | 3 [illegible]9 | |
| 1-34 OZ CAN OIL | 8 [illegible]9 | |
| 1-8 33 OZ PACK COFFEE | 1.[illegible]9 | |
| 1-1 QT BOTTLE JUICE | 1 [illegible]9 | |

4. ITEMS PURCHASED WITH CASH CHANGE

| QUANTITY AND DESCRIPTION OF ITEMS | PRICE | * |
|---|---|---|
| NONE | | |

5. ITEMS REFUSED

QUANTITY AND DESCRIPTION OF ITEM

NONE

*=NO PRICE INDICATED OR PRICE ILLEGIBLE



EXHIBIT A
page 4 of 9

Female HISP

7 OTHER IDENTIFYING INFORMATION
NONE

8 IDENTIFIED DURING TRANSACTION AS NAME
ROSA

Title Relationship to Owner
N A

9 MEANS OF IDENTIFICATION
CASH REGISTER TAPE

10 DETAILS OF TRANSACTION AT THE CASH REGISTER
CLERK SAID SHE WANTED TO DOUBLE BAG THE SANGRIA SO IT WOULD NOT BREAK

E. RECORD OF COUPONS ISSUED AND USED IN TRANSACTION

1 COUPONS AND COINS ISSUED, USED AND RETURNED

| CPN $ | SERIAL NUMBER | A ISSUED NO | A ISSUED VALUE | B USED NO | B USED VALUE | C RETURNED NO | C RETURNED VALUE |
|---|---|---|---|---|---|---|---|
| $1 00 | NONE | 0 | 0 00 | 0 | 0 00 | 0 | 0 00 |
| $5 00 | 0177627728 | 1 | 5 00 | 0 | 0 00 | 1 | 5 00 |
| $10 00 | 0177627728 | 3 | 30 00 | 2 | 20 00 | 1 | 10 00 |
| COINS | | | 0 00 | | 0 00 | | 0 00 |
| TOTAL | | | 35 00 | | 20 00 | | 15 00 |

2 CHANGE

| | NO | VALUE |
|---|---|---|
| CASH | | 06 |
| LESS CASH USED | | 00 |
| TTL CASH REMOVED | | 06 |
| $1 COUPONS | 2 | 00 |
| $5 COUPONS | 0 | 00 |
| TTL CHANGE REMOVED | | 06 |

3 TOTALS

| | |
|---|---|
| TOTAL VALUE OF COUPONS AND COINS RETURNED (From E 1 c above) | 15 00 |
| TOTAL CHANGE (Cash and/or Coupons) REMOVED (From E 2 above) | 2 06 |
| PURCHASE PRICE (From C 1 above) | 17 94 |
| GRAND TOTAL (Should equal total coupons issued (E 1a) If not, explain in comments section E 4) | 35 00 |

4 COMMENTS
CLERK GAVE ME CASH REGISTER TAPE WITH TOTAL COST OF PURCHASE, TAX CHARGED, A NAME ROSA, DOLLAR ... DATE, STORE NAME AND PHONE NUMBER.

COUPONS CASH 0

F. CERTIFICATION

This declaration consists of 3 pages. I have signed or initialed each page. The facts stated in this declaration are true to my knowledge. If I am called to testify as a witness in any proceeding, I am competent to testify to the matters stated herein.

Further declarant sayeth not.

I declare under penalty of perjury the foregoing is true and correct.

1 DATE EXECUTED (Month, Day, Year)
11/25/96

2 PLACE EXECUTED
HIALEAH FL

3 INVESTIGATIVE AIDE'S SIGNATURE

4 INVESTIGATOR'S SIGNATURE
DELETED



EXHIBIT A
Page 5 of 9

1. COMPLIANCE BRANCH CASE IDENTIFICATION NUMBER
2. Date 11/25/96

PALMAR II SUPERMARKET
HIALEAH FL 330 4

B. AIDE OR INVESTIGATOR'S STATEMENT

1 I N/A declare
My address is N/A N/A
On the above date, I accompanied Investigator N/A to the vicinity of the subject store. I turned over all food coupons and cash which I had in my possession.
The Investigator then furnished me with food coupons totalling $N/A and $ N/A in cash, as specified in Section E below. After the transaction I delivered to the Investigator the items purchased as described in Section C below and also the change, food coupons unused coins and register tapes specified in Section E below.

2 I DELETED, Investigator, Food and Nutrition Service, United States Department of Agriculture make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

3. On the above date at about (time) 4:40 PM, I entered subject store. I selected the items specified in Section C below. This store has 2 primary grocery check-out registers, 1 (was/were) in operation at the time of purchase. At the check-out counter there (was/were) 1 person(s) in line ahead of me and 1 person(s) in line behind me. The clerk sold to me the items listed in Section C 2 and 3 below at a total cost of $ 15.2? . As the clerk rang up the transaction, the coupon book was where it could have been viewed by the clerk. I gave the clerk food coupons and received change from the clerk as described in Section E below. I had also selected the items listed in section C 5, below, which the clerk refused sell to me for food coupons. I departed the store about 4:45 PM.

OTHER COMMENTS
NONE





EXHIBIT A
Page 6 of 9

| QUANTITY AND DESCRIPTION OF ITEMS | PRICE |
|---|---|
| 750 ML BOTTLE YAGO SANTGRIA | 2.89 |

ELIGIBLE ITEMS

| QUANTITY AND DESCRIPTION OF ITEMS | PRICE |
|---|---|
| 24 OZ BOTTLE SEASONING | 1.59 |
| LBS STEAK | NPI |
| LBS PLANTAINS | NPI |
| 2 LB BAG RICE | 1.49 |

ITEMS PURCHASED WITH CASH CHANGE

| QUANTITY AND DESCRIPTION OF ITEMS | PRICE |
|---|---|
| NE | |

ITEMS REFUSED

| QUANTITY AND DESCRIPTION OF ITEM |
|---|
| NE |

NO PRICE INDICATED OR PRICE ILLEGIBLE



EXHIBIT A
Page 7 of 9

(Title Relationship to owner)

3 MEANS OF IDENTIFICATION
CASH REGISTER TAPE

DETAILS OF TRANSACTION AT THE CASH REGISTER
NONE

RECORD OF COUPONS ISSUED AND USED IN TRANSACTION

| 1 COUPONS AND COINS ISSUED USED AND RETURNED | | A ISSUED | | B USED | | C RETURNED | | 2 CHANGE | | |
|---|---|---|---|---|---|---|---|---|---|---|
| DEN(s) | SERIAL NUMBER | NO | VALUE | NO | VALUE | NO | VALUE | | NO | VALUE |
| $1.00 | NONE | 0 | 0.00 | 0 | 0.00 | 0 | 0.00 | CASH | | |
| $5.00 | D[illegible] | 1 | 5.00 | 0 | 0.00 | 1 | 5.00 | LESS CASH USED | | |
| 10.00 | D[illegible] | 2 | 20.00 | 2 | 20.00 | 0 | 0.00 | TTL CASH REMOVED | | |
| COINS | | | 0.00 | | 0.00 | | 0.00 | $1 COUPONS | 4 | |
| | | | | | | | | $5 COUPONS | 0 | |
| TOTAL | | | 25.00 | | 20.00 | | 5.00 | TTL CHANGE REMOVED | | |

3. TOTALS

| | |
|---|---|
| TOTAL VALUE OF COUPONS AND COINS RETURNED (From E 1 c above) | 5.00 |
| TOTAL CHANGE (Cash and/or Coupons) REMOVED (From E 2 above) | 4.80 |
| PURCHASE PRICE (From C 1 above) | 15.20 |
| GRAND TOTAL (Should equal total coupons issued E 1a) If not, explain in comments section E 4) | 25.00 |

4. COMMENTS

CLERK GAVE ME CASH REGISTER TAPE WITH TOTAL COST OF PURCHASE, TODAY'S DATE, TAX CHARGED, CLERK'S NAME, A 16 38 TIME, AND SAYING THAT I GAVE CASH INSTEAD OF COUPONS

COUPONS CASH 0

CERTIFICATION

This declaration consists of 3 pages. I have signed or initialed each page. The facts stated in this declaration are true to my knowledge. If I am called to testify as a witness in my proceeding, I am competent to testify to the matters stated herein.

Further declarant sayeth not.

I declare under penalty of perjury the foregoing is true and correct.

1 DATE EXECUTED (Month Day, Year)
11/25/96

2 PLACE EXECUTED
HIALEAH, FL

3 INVESTIGATIVE AIDE'S SIGNATURE

4 INVESTIGATOR'S SIGNATURE
DELETED



EXHIBIT A
page 8 of 9

INVESTIGATIVE STATEMENT CONTINUATION SHEET | CASE NUMBER ME [illegible] | PAGE [illegible]

SECTION A

Subjects transaction [illegible] by me N-396. I identified myself with my credentials to a female person who stated she was the owner's wife. This person identified herself by [illegible] Florida Drivers license # M200-001-53-7??-0 as Austria Altagracia Mejia. I gave the names and descriptions of persons described in all transactions as they were identified with copy of INS Cards as follows: Exhibits A-B INS # A02885859 NORA LINARES Exhibits B-C INS # A044005980 ROSA AMELIA MARQUINA. Both are store employees. Store [illegible] were not [illegible].

SECTION B SIGNATURE (Complete only if form is used to record a signed statement)

| SIGNATURE/OF INVESTIGATOR | DATE |
|---|---|
| DELETED | [illegible] |

FORM FNS-41? (8-??)

EXHIBIT A
page 9 of 9

January 28, 1997

United States Dept. of Agriculture
Federal Building, Room 1219
51 S.W. First Ave
Miami, Fla 33130

Attn: **Mr. Pedro J. Renaud**
**Officer in Charge**

Dear Sirs

This is in reference to your letter dated January 22, 1997 concerning a presumed violation by our Supermarket of the regulations governing the Food Stamp Program.

We have investigated the matter with our staff, and specifically with the two cashiers involved in the transactions, both of wich have assured us that they have not sold the ineligible items with food stamps. As you may realize, we have no other proof than our employees' word and the loyalty they have demonstrated to us troughout the time of their employment with El Palmar Supermarket.

We are enclosing copies of the register tickets in question, which as you can see do not show the same amounts and, in some cases, the description of the items is different.

We would very much appreciate the opportunity of a personal interview with you, in order to clarify the matter in more detail.

Looking foward to hearing from you I am,

Very truly yours,

Miguel A. Mejia
President
El Palmar II Supermarket

/enclosures

RECEIVED
JAN 30 1997

EXHIBIT B
page 1 of 2

RECEIVED
JAN 30 1997
[illegible]

FALCON II SUPERMARKET
(305) 557-3495
[illegible] 10:40 ROSA #00149376

| | |
|---|---|
| [illegible] Sangria 750ml | 2.59 |
| [illegible] | 1.59 |
| [illegible] | 1.49 |
| Meat Dept | 4.96 |
| Lb. Plantains-green | 0.39 |
| Lb. Plantains-green | -0.49 |
| Lb. Plantains-green | 1.47 |
| 3 Lb @0.49 | |
| Subtotal | 12.40 |
| Tax Due | 0.19 |
| Total | 12.59 |

THANKS
FOR SHOPPING WITH US

FALCON II SUPERMARKET
(305) 55[illegible]

| | |
|---|---|
| [illegible] | 1.19 |
| [illegible] | 7.39 |
| [illegible] | 0.79 |
| [illegible] | 0.79 |
| [illegible] | [illegible] |
| Subtotal | 10.95 |
| Tax | 0.57 |
| Total | 11.52 |

THANKS
FOR SHOPPING WITH US

FALCON II SUPERMARKET
(305) 557-3495
[illegible] #00149374

[illegible]

..[illegible]IT B

*UNITED STATES DEPARTMENT OF AGRICULTURE*
*FOOD AND CONSUMER SERVICE*
FEDERAL BUILDING. ROOM 1219
51 SOUTHWEST FIRST AVENUE
MIAMI, FLORIDA 33130
(305) 536-4404

CERTIFIED MAIL-RETURN RECEIPT REQUESTED

FEB 25 1997

Mr. Miguel Angel Mejia, President
M & M Projects, Inc.
d/b/a El Palmar II Supermarket
8121 West 8th Avenue
Hialeah, FL 33014

Dear Mr. Mejia:

Careful consideration has been given to the information and evidence available to us relating to our letter of charges dated January 22, 1997, and to your reply of January 28, 1997, to that letter.

On the basis of the evidence, we find that the violations, as outlined in our letter of charges to you did, in fact, occur at your firm. These violations consisted of sales by store personnel. Three violative transactions occurred without refusal, involving obviously ineligible items. These items included three bottles of Wine. We find that a six (6) months disqualification is the proper determination in this case under Section 278.6(e) of the Food Stamp Program Regulations.

Therefore, you are hereby notified that it is my determination that El Palmar II Supermarket, under the ownership of Miguel Angel Mejia, President, shall be disqualified from participation in the Food Stamp Program for a period of six (6) months. This determination will become effective on the 10th calendar day following receipt of this notice.

If the 10th calendar day is a Saturday, Sunday or legal (Federal) holiday, the disqualification will be effective the next date which is not a Saturday, Sunday or legal (Federal) holiday. This action is taken under the authority of Section 278.6 (a) of the regulations governing the Food Stamp Program.

Your authorization card, number 1244582, all unused redemption certificates, and all posters, forms and other official materials

EXHIBIT C
Page 1 of 9

relating to the program must be mailed no later than the third banking day after the above-described effective date to Pedro J. Renaud, Officer In Charge, USDA - Food and Consume Service, Federal Building. Room 1219, 51 S.W. 1st Avenue, Miami, FL 33130. If you have lost or misplaced your authorization card, please complete the enclosed statement. Failure to promptly return the material requested could jeopardize any future reauthorization.

El Palmar II Supermarket may not accept food coupons after the close of business on the effective date of disqualification. Banks and wholesalers will be notified not to accept food coupons from your firm after the third banking day following the effective date of this order. Any food coupons on hand at the close of business on the effective date must be redeemed within 3 banking days after the effective date.

You may apply for reauthorization beginning 10 days prior to the expiration of the disqualification period. If you apply for reauthorization at the end of the disqualification period, you will be required to submit a collateral bond or an irrevocable letter of credit in the amount of $4,171.60 and to meet all other criteria for authorization in order to participate again in the Food Stamp Program.

According to Section 278.6(f)(2) of the regulations, in the event a retail food firm which has been disqualified is sold or the ownership thereof is otherwise transferred, you, as former owner, would then be subjected to and liable for a civil money penalty calculated using the method found in Section 278.6(g). This civil money penalty is a debt owed the Government and interest will accrue if not paid within 30 days of billing date.

This determination will be final unless you submit a timely written request for review to the Director, Administrative Review Division, Food and Nutrition Service, U.S. Department of Agriculture, 3101 Park Center Drive, Room 1002, Alexandria VA 22302. Your request for review must be postmarked by midnight of the 10th calendar day after you receive this notice in order to be considered timely.

If the 10th day of the period for requesting review falls on a Saturday, Sunday or legal (Federal) holiday, as specified in Section 279.5 of the regulations, a request for review will be timely if it is postmarked the next day which is not a Saturday, Sunday or legal (Federal) holiday.

If a timely request for review is made, you may continue to accept and redeem food coupons until a decision on your request has been made by the Administrative Review Officer. The rules governing your review rights are contained in Section 278.8 and Part 279 of the Food Stamp Program Regulations.



EXHIBIT C
Page 2 of 9

This determination shall not preclude the Department of Agriculture or any other agency or department of the United States from taking further action to collect any claim determined under the regulations governing the Food Stamp Program or under any other pertinent statutes or regulations, nor shall this determination preclude prosecution under any applicable penal statutes.

Sincerely,

PEDRO J. RENAUD
Officer-In-Charge
Miami Branch Office

ENCLOSURES - LOST CARD STATEMENT

DH:lv

EXHIBIT e
page 3 of 9

# REPORT OF POSITIVE INVESTIGATION

| STORE NAME AND ADDRESS | COMPLIANCE BRANCH CASE IDENTIFICATION NO | Date |
|---|---|---|
| PALMAR II SUPERMARKET<br>8121 8th AVE<br>HEALEAH FL 33014 | ME19336<br>AREA OFFICE<br>MEMPHIS | 12 5 96 |

1 Aide(s) and 1 Investigator(s) made 4 visits to the subject store during the period 11/13/96 through 11/25/96. On 3 visits a total of 4 ineligible items were sold for food coupons.

Statements detailing circumstances of each transaction are attached as Exhibit(s) A through D.

A post-investigation interview with store personnel to obtain identification is documented in Exhibit E.

| EXHIBIT NO | CLERK IDENTIFIED AS | TITLE OR RELATION TO OWNER |
|---|---|---|
| A | NORA LINARES | Clerk |
| B | ROSA ANGELA MARQUINA | Clerk |
| C | ROSA ANGELA MARQUINA | Clerk |
| D | NORA LINARES | Clerk |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

REMARKS

MAJORS PURCHASE IN EXHIBIT A BEER & WINE, EXHIBIT C WINE, AND EXHIBIT D WINE

SIGNATURE OF INVESTIGATOR

DELETED

DELETED

(previous editions obsolete) FORM FNS-41 (8-

EXHIBIT C
page 4 of 9

CASE IDENTIFICATION DATA
COMPLIANCE BRANCH CASE
IDENTIFICATION NUMBER: ME13336
Date 11/13/96

3. STORE NAME AND ADDRESS
Palmar II Supermart
Hialeah FL

AIDE OR INVESTIGATOR'S STATEMENT

I, DELETED, declare

My address is DELETED DELETED

On the above date, I accompanied Investigator DELETED to the vicinity of the subject store. I turned over all food coupons and cash which I had in my possession.

The Investigator then furnished me with food coupons totalling $65 and $ 0 in cash, as specified in Section E below. After the transaction I delivered to the Investigator the items purchased as described in Section C below and also the change, food coupons, unused coins, and register tapes specified in Section E below.

I, n/a , Investigator, Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

On the above date, at about (time) 3:03 PM , I entered subject store. I selected the items specified in Section C below. This store has 3 primary grocery check_out registers. 3 (was/were) in operation at the time of purchase. At the check_out counter there (was/were) 1 person(s) in line ahead of me and 0 person(s) in line behind me. The clerk sold to me the items listed in Section C 2 and 3, below at a total cost of $ 16.86 . As the clerk rang up the transaction, the coupon book was where it could have been viewed by the clerk. I gave the clerk food coupons and received change from the clerk as described in Section E below. I had also selected the items listed in section C 5, below, which the clerk refused to sell to me for food coupons. I departed the store about 3:39 PM .

OTHER COMMENTS
The cash register tape was received. It shows a time of 15:42 and identifies the clerk as NORA.

DELETED



U.S.GPO:1991-0-281-293/40026

FORM FNS-413 (4-89) Previous edition obsolete

EXHIBIT C
page 5 of 9

1. PURCHASE PRICE CHANGE

PAGE 2

2. INELIGIBLE ITEMS

| QUANTITY AND DESCRIPTION OF ITEM | PRICE * |
|---|---|
| 1 qt Michelob [illegible] | NPI |
| 1.5 Lt [illegible] wine | 7.59 |

3. ELIGIBLE ITEMS

| QUANTITY AND DESCRIPTION OF ITEM | PRICE * |
|---|---|
| 1 [illegible] | NPI |
| 2 [illegible] | 79 [illegible] |

4. ITEMS PURCHASED WITH CASH CHANGE

| QUANTITY AND DESCRIPTION OF ITEM | PRICE * |
|---|---|
| | |

5. ITEMS REFUSED

QUANTITY AND DESCRIPTION OF ITEM

*NPI = NO PRICE INDICATED OR PRICE ILLEGIBLE



EXHIBIT C
page 6 of 9

D. DESCRIPTION OF CLERK

| 1. SEX | 2. RACE | 3. AGE | 4. HGHT | 5. WEIGHT | 6. HAIR COL | RESULT |
|---|---|---|---|---|---|---|
| Female | wht hispan | 20s | [illegible] | 100 | | M PN P TE |

7. OTHER IDENTIFYING INFORMATION
none

8. IDENTIFIED DURING TRANSACTION AS [illegible]
unk

Title Relationship to owner:
unk

9. MEANS OF IDENTIFICATION
[illegible]

10. DETAILS OF TRANSACTION AT THE CASH REGISTER

I witnessed the customer in front of me purchase beer and pay for it with food [illegible] The clerk totaled all items. When she saw I intended to pay with food stamps, she [illegible] she couldn't sell the wine for stamps. I asked her why she could sell beer to the other customer and not to me. She said she would go ahead and let me have it this time.

E. RECORD OF COUPONS ISSUED AND USED IN TRANSACTION

| 1. COUPONS AND COINS ISSUED, USED AND RETURNED | | | | | | | | | 2. CHANGE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | a. ISSUED | | b. USED | | c. RETURNED | | | | | |
| CPN | SERIAL NUMBER | NO | VALUE | NO | VALUE | NO | VALUE | | | NO | VALUE |
| $1.00 | [illegible] | 5 | 5.00 | 0 | 0.00 | 5 | 5.00 | CASH | | [illegible] | [illegible] |
| $5.00 | | 0 | 0.00 | 0 | 0.00 | 0 | 0.00 | LESS CASH USED | | | [illegible] |
| $10.00 | | 6 | 60.00 | 2 | 20.00 | 4 | 40.00 | TTL CASH REMOVED | | | [illegible] |
| COINS | | | 0.00 | | 0.00 | | 0.00 | $1 COUPONS | | | [illegible] |
| | | | | | | | | $5 COUPONS | | 1 | [illegible] |
| TOTAL | | | 65.00 | | 20.00 | | 45.00 | TTL CHANGE REMOVED | | | [illegible] 14 |

| 3. TOTALS | |
|---|---|
| TOTAL VALUE OF COUPONS AND COINS RETURNED (From E.1.c above) | 45.00 |
| TOTAL CHANGE (Cash and/or Coupons) REMOVED (From E.2 above) | 3.14 |
| PURCHASE PRICE (From C.1 above) | 16.86 |
| GRAND TOTAL (Should equal total coupons issued (E.1a). If not, explain in comments section E.4) | 65.00 |

4. COMMENTS

COUPONS CASH 0

F. CERTIFICATION

This declaration consists of 3 pages. I have signed or initialed each page. The facts stated in this declaration are true to my knowledge. If I am called to testify as a witness in my proceeding, I am competent to testify to the matters stated herein.

Further declarant sayeth not.

I declare under penalty of perjury the foregoing is true and correct.

1. DATE EXECUTED (Month, Day, Year): 11/15/96

2. PLACE EXECUTED: Miami, FL

3. INVESTIGATIVE AIDE'S SIGNATURE: DELETED

4. INVESTIGATOR'S SIGNATURE: DELETED



EXHIBIT C
page 7 of 9

A CASE IDENTIFICATION
1 COMPLIANCE BRANCH CASE IDENTIFICATION NUMBER ME1236
2 Date 11 20 96
B AIDE OR INVESTIGATOR'S STATEMENT

SALMAR II
WEST STREET 9 STHAVE
HIALEAH FL

1 I DELETED declare
My address is DELETED DELETED
On the above date I accompanied Investigator DELETED
to the vicinity of the subject store I turned over all food coupons and cash which I had in my possession
The Investigator then furnished me with food coupons totalling $35 and $0 in cash as specified in Section E below After the transaction I delivered to the Investigator the items purchased as described in Section C below and also the change food coupons unused coins and register tapes specified in Section E below

2 I N/A Investigator Food and Nutrition Service United States Department of Agriculture gave the following statement freely and voluntarily knowing that this statement may be used in evidence

3 On the above date at about (time 12 20 PM I entered subject store I selected the items specified in Section C below This store has 1 primary grocery check_out registers 1 (was/were) in operation at the time of purchase At the check_out counter there (was/were) 1 person(s) in line ahead of me and 1 person(s) in line behind me The clerk sold to me the items listed in Section C 2 and 3 below at a total cost of $0.00 As the clerk rang up the transaction the coupon book was where it could have been viewed by the clerk I gave the clerk food coupons and received change from the clerk as described in Section E below I had also selected the items listed in section C 5 below which the clerk refused sell to me for food coupons I departed the store about 12 30 PM

OTHER COMMENTS

DELETED

Page 1 of 2



EXHIBIT C
page 8 of 9

D. DESCRIPTION OF CLERK

CASE NUMBER EXHIBIT 3

MEI ... 36

1 SEX 2 RACE 3 AGE 4 WEIGHT 5 HEIGHT 6 HAIR COL.

Female HISP 30 5'2 120 BLACK

RESULT H No

7 OTHER IDENTIFYING INFORMATION

8 IDENTIFIED DURING TRANSACTION AS (Name)

(Title Relationship to owner)

9 MEANS OF IDENTIFICATION

10 DETAILS OF TRANSACTION AT THE CASH REGISTER

REFUSED TO SELL BEER

E. RECORD OF COUPONS ISSUED AND USED IN TRANSACTION

1 COUPONS AND COINS ISSUED USED AND RETURNED

| CPN(s) | SERIAL NUMBER | A ISSUED NO | A ISSUED VALUE | B USED NO | B USED VALUE | C RETURNED NO | C RETURNED VALUE |
|---|---|---|---|---|---|---|---|
| $1 00 | | | 0 00 | | 0 00 | 0 | 0 00 |
| $5 00 | [illegible] | 1 | 5 00 | | 0 00 | 1 | 5 00 |
| $10 00 | | 3 | 30 00 | | 0 00 | 3 | 30 00 |
| COINS | | | | | | | |
| TOTAL | | | 35 00 | | 0 00 | | 35 00 |

2 CHANGE

| | NO | VALUE |
|---|---|---|
| CASH | | |
| LESS CASH USED | | |
| TTL CASH REMOVED | | 00 |
| $1 COUPONS | | 00 |
| $5 COUPONS | | 00 |
| TTL CHANGE REMOVED | | 0 00 |

3 TOTALS

| | |
|---|---|
| TOTAL VALUE OF COUPONS AND COINS RETURNED (From E 1 c above) | 35 00 |
| TOTAL CHANGE (Cash and/or Coupons) REMOVED (From E 2 above) | 0 00 |
| PURCHASE PRICE (From C 1 above) | 0 00 |
| GRAND TOTAL (Should equal total coupons issued (E 1a) If not, explain in comments section E 4) | 35 00 |

4 COMMENTS

COUPONS CASH

F. CERTIFICATION

This declaration consists of 2 pages I have signed or initialed each page The facts stated in this declaration are true to my knowledge If I am called to testify as a witness in my proceeding I am competent to testify to the matters stated herein

Further declarant sayeth not

I declare under penalty of perjury the foregoing is true and correct

1 DATE EXECUTED (Month, Day, Year) 11/20/96

2 PLACE EXECUTED MIAMI

3 INVESTIGATIVE AIDE'S SIGNATURE

DELETED

4 INVESTIGATOR'S SIGNATURE

DELETED



EXHIBIT C
page 9 of 9

UNITED STATES DEPARTMENT OF AGRICULTURE
Food and Consumer Service, Administrative Review Branch
3101 Park Center Drive, Room 1002
Alexandria, VA 23202-1500

May 6,1997

CERTIFIED MAIL - Return Receipt Requested

Jose Manuel Rodriguez-Gomez
Attorney at Law
1996 S.W. First Street
Miami, FL 33135

Dear Mr. Rodriguez-Gomez.

I have completed an administrative review of the decision of the Officer-in-Charge of the Miami, FL, Food and Consumer Service Field Office to disqualify M & M Projects, Inc , dba El Palmar II Supermarket (the store) from participation in the Food Stamp Program for six months. This is to notify you that I am letting stand the decision to disqualify the store.

The record shows that during an investigation of the store, alcoholic beverages were sold for food stamps on three occasions. In accordance with the Food Stamp Program regulations (the regulations) at 7 C.F.R. 278 6 (b), Miguel Angel Mejia, President of M & M Products, Inc., was notified of the violations in a letter of charges dated January 22, 1997

In reply to the charge letter Mr. Mejia denied that the violations occurred. He sent some receipts from transactions that did not match the transactions that allegedly occurred in the store during the investigation.

Mr. Mejia was notified of the six-month disqualification of the store in a letter dated February 25, 1996. The six-month disqualification period is based on Section 12 (b)(1) of the Food Stamp Act of 1977, as amended. [7 U.S.C. 2021 (b)(1)] which provides for periods of disqualification of no less than six months for firms found violating food stamp rules and regulations. The regulations at 7 C.F R 278 6 (e)(5) provide for a six-month disqualification in certain circumstances if it is the first sanction for the firm. I can find no basis in the record to change the decision to disqualify the store for six months

In accordance with the Act and the regulations the disqualification of the store shall become effective thirty (30) days after your receipt of this letter. Mr. Mejia may submit a new application for authorization ten (10) days prior to the expiration of the disqualification period

EXHIBIT D
page 1 of 2

The regulations provide at 7 C.F.R. 278.1(b)(4) that at the time of new application Mr. Mejia would be advised of the requirement to post a collateral bond or irrevocable letter of credit as a condition for again having the store authorized to accept food stamps.

Under Section 14 of the Act (7 U.S.C. 2023), and 7 C.F.R. 279.10 of the regulations, Mr. Mejia has the right to a judicial review of my determination to let stand the six-month disqualification of the store. If he wants a judicial review of this determination, he must file a complaint naming the United States as the defendant in the U. S. District Court for the district in which he resides or is engaged in business, or in any court of record of the State having competent jurisdiction. The complaint must be filed within thirty (30) days of your receipt of this letter.

Sincerely,

D W Moritz

D. W. Moritz
Administrative Review Officer

cc: OIC, Miami, FL, FCS Field Office

EXHIBIT D
page 2 of 2

97-2023

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-HIGHSMITH

MAGISTRATE BANDSTRA

**I (a) PLAINTIFFS**

M&M PROJECTS, INC., d/b/a EL PALMAR SUPERMARKET,

**DEFENDANTS**

UNITED STATES OF AMERICA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A: Dade 1:97cv2023 SH/Bandstra

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Harry C. Wallace, Jr. AUSA
U.S. Attorney's Office
99 N.E. 4th St. (3rd Floor) Miami, FL 33132
536-5472

ATTORNEYS (IF KNOWN)
Jose M. Rodriguez-Gomez, Esq.
1996 S.W. 1st St.
Miami, FL 33135

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- XXX 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. §§1442(a)(1) and 1446

**IVa.** 2 **days estimated (for both sides) to try entire case**

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

**A CONTACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B
- ☐ 153 Recovery of Overpayment of Veteran's Benefits B
- ☐ 160 Stockholder's Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure B
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personnel Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending B
- ☐ 380 Other Personnel Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**B PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus
- ☐ 530 General *
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other *
- ☐ 550 Civil Rights
- * A or B

**B FORFEITURE PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor Management Relations B
- ☐ 730 Labor Management Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act B

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**A FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**A OTHER STATUS**
- ☐ 400 States Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc. B
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12USC3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- X 890 Other Statutory Actions *
- * A or B

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- XXX 1 Original Proceeding
- ☐ 2 Removed From State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Refiled
- ☐ 5 Transferred from another district (Specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23 **DEMAND $**
Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES XX NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE DOCKET NUMBER

DATE 6/27/97
SIGNATURE OF ATTORNEY OF RECORD
Harry C. Wallace, Jr. AUSA

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. ________ Amount: ________ M/ifp: ________ Date Paid: ________